﻿Citation Nr: 18124205
Decision Date: 08/07/18 Archive Date: 08/06/18

DOCKET NO. 17-30 702
DATE: August 7, 2018
ORDER
Entitlement to service connection for a left eye disability is denied.
FINDINGS OF FACT
The currently diagnosed left eye disabilities were not incurred in service and are not otherwise etiologically related to service.
CONCLUSION OF LAW
The criteria for service connection for a left eye disability are not met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2017).
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran served on active duty from December 15, 1965 to March 3, 1966.
Service Connection for Left Eye Disability
The Veteran generally asserts that he has a left eye injury that is related to service. In the January 2016 original service connection claim, the Veteran indicated “left eye injury,” but has not provided any additional information. 
After a review of all the evidence, lay and medical, the Board finds that the Veteran has currently diagnosed eye disabilities, to include contact dermatitis, blepharitis, and senile cataracts. See e.g., June 2016 VA examination report. 
The Board next finds that the weight of the evidence shows that the currently diagnosed left eye disabilities were not incurred in service, manifested years after separation from service, and are not otherwise etiologically related to service. Service treatment records contain a report of medical history dated on March 2, 1966, which shows reports of occasional irritation in both eyes. In the service separation examination a day later, the Veteran reported that he was in good health, but his eyes still bothered him; however, the eyes are noted to be “normal,” and uncorrected visual acuity was 20/20 in both eyes, far and near. There is no documented injury to either eye. 
Private ophthalmological evaluation dated in May 2015 shows diagnosis of mild cataracts formation. 
The Veteran underwent a VA examination for eye conditions in June 2016, where the examiner rendered diagnoses of bilateral contact dermatitis, bilateral blepharitis, bilateral senile cataracts, and Descemet tear in the right eye. During the examination, the Veteran stated that he had trauma to the right eye, while in active service. He stated that he was cleaning the kitchen, fell, and hit his right eye on the corner of some furniture. He indicated that he experienced swelling of the eyelid, but had no eye examination afterwards, and “was licensed 14 days later.” He further indicated that he was told by an optometrist approximately ten years earlier that he had a scar in his right eye. At the time of the examination, the Veteran complained of itching in both eyes for fifteen to twenty years, secretions from both eyes when he wakes up, and teary eyes at night when he has the air conditioning on. He also reported that he had trouble driving at night. He was using prescribed ketorolac eyedrops. Uncorrected distance and near vision was 20/70 in the left eye, and corrected distance was 20/40 or better for both distance and near vision. 
Upon review of the claims file and examination of the Veteran, the VA examiner in June 2016 opined that the Veteran’s left eye disabilities were not related to service. The examiner noted that the Veteran provided history of a right eye injury and not a left eye injury per his claim for compensation. The examiner explained that a trauma of that magnitude as reported by the Veteran would have resulted in acute corneal edema, with associated blurred vision, which would not be possible for the Veteran to have a 20/20 vision at separation. The examiner noted that, per the Veteran’s reports, he became aware of his corneal scar in the right eye approximately ten years earlier, while his reported trauma was over fifty years earlier in 1966. In this regard, the examiner noted that identifying the exact time when the Descemet tear occurred would be resorting to mere speculation because it was asymptomatic and, as such, could have been perinatal or at any time during early childhood. Lastly, the examiner noted that there is no mention of blepharitis, pterygium, or dry eyes in-service, and his bilateral contact dermatitis was most probably due to the eyedrops the Veteran was using. 
In his August 2016 notice of disagreement, the Veteran again wrote “left eye injury.”
In a July 2018 informal hearing presentation, the Veteran’s representative argued that “The examiner in June 2016 does not appear to have afforded due consideration to the appellant’s competent and credible lay evidence indicating that following his in-service eye injury he experienced chronic symptomatology associated with the currently diagnosed eye disorders.” The representative further highlighted the examiner’s indication that identifying when the Veteran’s Descemet tear occurred would be resorting to mere speculation. 
However, the Board finds that these arguments are with no merits. First, as noted above, the Veteran’s claim is specifically for a left eye injury, while at the examination, he specifically endorsed a right eye injury, which is not on appeal. Furthermore, at no point did the Veteran report chronic symptomatology associated with his current eye disorders. Notably, during the June 2016 VA examination, he reported that he was unaware of his corneal scar until approximately ten years earlier, and symptoms of itching began fifteen to twenty years earlier. 
Inasmuch as the Veteran now asserts that his eye disabilities incurred in service or have been continuous ever since, those statements contradict the Veteran’s own statement made to the June 2016 VA examiner, and are inconsistent with the other evidence of record, so are not credible. The Board assigns more probative weight to the Veteran’s contemporaneous statements provided during the VA examination than the statements made by the Veteran to VA in support of this appeal of the denial of compensation benefits. 
As to the element of nexus to service, an opinion as to the etiology of the Veteran’s left eye disabilities involves making findings based primarily on medical knowledge of visual/eye disorders. It is a complex medical question requiring medical expertise, which under the facts of this case the Veteran is not shown to have. The Board finds that the June 2016 VA examiner’s opinion outweighs the lay evidence in this case. Indeed, the VA examiner have expertise and training in the area of ophthalmology. The VA examiner’s opinion was demonstrably fully informed of the pertinent factual premises of the case and provided a fully articulated opinion with supporting reasoned analysis explaining why the Veteran’s left eye disability did not have its onset during active duty. See Nieves-Rodriguez, 22 Vet. App. 295, 303-304 (holding that it is the factually accurate, fully articulated, sound reasoning for the conclusion that contributes to the probative value of a medical opinion). There is no benefit of the doubt that could be resolved in the Veteran’s favor because there is no medical evidence to the contrary.
(Continued on the next page)
 
Accordingly, the Board finds that the competent and credible evidence weighs against finding that the Veteran’s left eye disability was causally or etiologically related to service; therefore, the appeal is denied.
 
J. PARKER
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD A. Yaffe, Associate Counsel